UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br>    v.<br><br>TERRY DONNELL KELSEY,<br><br>                Defendant. | CASE NO. 19-mc-5036 BHS<br><br>ORDER REMANDING DEFENDANT'S CASE AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT |

## I. INTRODUCTION

This matter comes before the Court on Defendant Terry D. Kelsey aka Aasim El's ("Defendant") notice of removal and application to proceed *in forma pauperis* ("IFP"). Dkts. 1, 1-1. Defendant seeks removal of his state criminal prosecution and claims the prosecution contravenes the Constitution, laws, and treaties of the United States. Dkt. 1-1. Upon review, the Court concludes that it does not have jurisdiction over Defendant's criminal case and therefore must remand it.

## II. DISCUSSION

**A.    Removal of Criminal Action from State Court**

Whenever a state criminal prosecution is removed to federal court, the district judge must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C.

§ 1455(b)(4). The procedures for removing a criminal proceeding to federal court are set forth in 28 U.S.C. § 1455, which provides:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

"There is no right of removal of a [criminal] case . . . to the United States District Court. It is a privilege granted by Congress . . . ." *Maurietta v. State of Ariz.*, 395 F.2d 210, 211 (9th Cir. 1968). Only three statutes provide for the removal of criminal actions to federal court: 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"), 1442(a) ("Members of armed forces sued or prosecuted"), and 1443 ("Civil rights cases"). *See Washington v. Tibbits*, 08-mc-5006RBL, 2008 WL 1924187, at *1 (W.D. Wash. Apr. 25, 2008); *see also Langrock v. California*, No. CV-1701096-BRO-RAO, 2017 WL 729548, at *2 (C.D. Cal. Feb. 24, 2017) ("bases for removal of state-court criminal proceedings are found in sections 1442, 1442(a), and 1443.") (footnote omitted).

Under §§ 1442 and 1442(a), "[a]ny officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces subject to criminal prosecution may remove such an action if it arises from acts done under color of such office or status." *El v. L.A. Police Dep't*, No. CV 16-7013-JAK (PLA), 2016 WL 5419402, at *2 (C.D. Cal. Sept. 27, 2016).

Regarding § 1443, which permits removal of criminal actions based on violations of certain civil rights, the Supreme Court has stated:

> [I]t must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966)). A defendant who wishes to remove his criminal case pursuant to § 1443 must satisfy the following two-part test: "[f]irst, the [defendant] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and "[s]econd, [the defendant] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco*, 446 F.3d 996, 998–99 (9th Cir. 2006) (*citing California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).

**B.  Merits of Removal**

Although Defendant cites 28 U.S.C. § 1441 in his notice of removal, § 1441 governs removal of civil actions. Instead, Defendant seeks to remove a criminal prosecution pending against him in state court. Dkt. 1-1 at 1 (listing criminal cause number on notice of removal and declaring that case must be litigated in federal court).

Defendant fails to show that he has the right to remove his case pursuant to the standards for removal of a criminal action articulated above. Defendant "does not allege he is a federal officer being prosecuted for acts performed under color of such authority,"

and thus, removal is not available to him under §§ 1442 and 1442(a). *El*, 2016 WL 5419402, at *2.

Removal is also unavailable to Defendant under § 1443(1). In his notice of removal Defendant asserts a confusing sovereign citizen theory to support his claim that his state prosecution is improper. Dkt. 1-1. Specifically, Defendant states that he is a "Free Moorish American National" and, under the 1787 Treaty of Amity and Commerce between the United States of America and Morocco and general principles of diversity jurisdiction, any disputes against him must be litigated in federal court. *Id.* Defendant further asserts that his prosecution violates his right to confrontation under the Fifth Amendment. *Id.*

To secure removal under § 1443(1), Defendant must show that state law prevents him from asserting a defense to prosecution based on federal laws protecting racial civil rights. *See* 28 U.S.C. § 1443; *Patel*, 446 F.3d at 998–99. First, although Defendant invokes his ethnic background and the rights conferred under the "Treaty of Amity and Commence," he fails to allege that a violation of the treaty is a violation of federal racial discrimination law. Removal upon a claim that prosecution will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination "will not suffice." *Johnson*, 421 U.S. at 219 (quoting *State of Ga.*, 384 U.S. at 792).

Second, Defendant fails to identify a provision of Washington law that would prevent him from asserting any defenses available under the treaty in his state prosecution. Instead, Defendant argues that he may remove any state prosecution to

federal court based on his alleged rights under the treaty as a sovereign citizen of the "Al Moroccan Empire (North America)." Dkt. 1-2 at 28. Thus, even if Defendant has implicated violations of the particular civil rights protections addressed in § 1443(1), his failure to support his allegations with any "reference to a state statute or a constitutional provision that purports to command the state courts to ignore" his federal rights is fatal to his claim. *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636). Consequently, § 1443(1) does not support the removal of Defendant's case.

Because it is apparent that Defendant lacks grounds for removal, the Court must remand his case. 28 U.S.C. § 1455(b)(4).

Therefore, the Clerk shall **REMAND** this matter to the Clark County Superior Court for the State of Washington. Defendant's IFP application is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge